**Yenny Wibisono OEI, Petitioner,**

v.

**Peter D. KEISLER, Acting United States Attorney General,[1] Respondent.**

No. 05–6144–ag.

United States Court of Appeals, Second Circuit.

Oct. 9, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter d. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, OK, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Yenny Wibisono Oei, a native and citizen of Indonesia, seeks review of an October 18, 2005 order of the BIA denying her motion to reopen her removal proceedings. *In re Oei,* No. A96 258 067 (B.I.A. Oct. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any

reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

 The BIA did not abuse its discretion in finding that Oei continues to be ineligible for asylum, despite the additional evidence she submitted with her motion. In the underlying proceeding, the agency pretermitted Oei's asylum application because it was untimely filed. *See* 8 U.S.C. § 1158(a)(2)(B) (stating that asylum applications must be filed within one year of an alien's entry in the United States). Oei did not file a petition for review from that decision, and, as such, that finding stands. *See In re S–Y–G–,* 24 I. & N. Dec. 247, 250 (B.I.A.2007) ("We note that because the applicant did not seek judicial review of our 1997 order, the Immigration Judge's adverse credibility determination remains the law of the case."). Therefore, the BIA did not abuse its discretion by declining to evaluate whether Oei's newly submitted evidence established eligibility for asylum where the BIA had previously pretermitted her application. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (noting that the BIA does not abuse its discretion by denying a motion to reconsider where the motion simply repeats previously rejected arguments).

 Nor did the BIA abuse its discretion in finding that Oei failed to present evidence of changed country conditions in Indonesia sufficient to establish her prima facie eligibility for withholding of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir. 2005). Although the 2004 U.S. Depart-

ment of State International Religious Freedom Report for Indonesia, submitted by Oei, describes discrimination and abuse of religious groups by private actors, it explicitly states that there were notable advances in interreligious tolerance and that there was no overall change in the respect for religious freedom over the period covered by the report. Similarly, the articles post-dating Oei's merits hearing demonstrate, at most, that incidents of violence still occur. Although Oei argues that the BIA failed to adequately consider the country conditions evidence she submitted, she has not demonstrated that the BIA overlooked any material evidence in reaching its conclusion. *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (the BIA must consider all evidence that country conditions have changed, but "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).